MICHAEL BAILEY
United States Attorney
District of Arizona

CHRISTINA J. REID-MOORE
Assistant U.S. Attorney
Arizona State Bar No. 018579
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone: 602-514-7500
Email: christina.reid-moore@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | CR-19-0956-PHX-SMB (MHB) |
|---|---|
| Plaintiff, | **PLEA AGREEMENT** |
| vs. | |
| Miles Spencer Coyote, | |
| Defendant. | |

Plaintiff, United States of America, and Defendant, MILES SPENCER COYOTE ("defendant"), hereby agree to dispose of this matter on the following terms and conditions:

1. **PLEA**

Defendant will plead guilty to the Information charging him with Transfer of Obscene Material to a Minor, in violation of Title 18, United States Code, Section 1470, a Class C felony offense, pursuant to 18 U.S.C. § 3559.

2. **MAXIMUM PENALTIES**

a. A violation of Title 18, United States Code, Section 1470 is punishable by a maximum fine of $250,000.00, a maximum term of imprisonment of ten (10) years, or both, and a term of supervised release of up to three years. Each supervised release violation for a Class C felony may carry a maximum penalty of up to two years in prison pursuant to 18 U.S.C. § 3583(e)(3).



b.   According to the Sentencing Guidelines issued pursuant to the Sentencing Reform Act of 1984, the Court shall order the defendant to:

(1)   make restitution to any victim of the offense pursuant to 18 U.S.C. § 3663, 3663A and/or 2248, unless the Court determines that restitution would not be appropriate;

(2)   pay a fine pursuant to 18 U.S.C. § 3572, unless the Court finds that a fine is not appropriate;

(3)   serve a term of supervised release when required by statute or when a sentence of imprisonment of more than one year is imposed (with the understanding that the Court may impose a term of supervised release in all other cases); and

(4)   pay upon conviction a $100 special assessment for each count to which the defendant pleads guilty pursuant to 18 U.S.C. § 3013(a)(2)(A).

c.   The Court is required to consider the United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") among other factors, in determining the defendant's sentence. However, the Sentencing Guidelines are advisory, and the Court is free to exercise its discretion to impose any reasonable sentence up to the maximum set by statute for the crime(s) of conviction, unless there are stipulations to the contrary that the Court accepts.

d.   The defendant acknowledges that pleading guilty to this offense will require him to register as a sex offender under the Sex Offender Registration and Notification Act, 34 U.S.C. § 20911, et seq. The defendant recognizes that failure to comply with the sex offender registration laws of any state, federal, or tribal jurisdiction to which he is subject can result in him being charged with a new state or federal criminal offense punishable by imprisonment or a fine, or both.

3.   **AGREEMENTS REGARDING SENTENCING**

a.   <u>Stipulation</u>. Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the United States and the defendant stipulate that the defendant shall be sentenced to a term of imprisonment that does not exceed five years.

      b.    <u>Stipulation</u>: Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the parties agree and stipulate that the base offense level in this case is 10, per U.S.S.G. § 2G3.1. The parties further agree and stipulate that the following enhancements will apply per U.S.S.G. § 2G3.1(b): +5 because the offense involved distribution to a minor, and +2 because the offense involved the use of a computer.

      c.    <u>Stipulation</u>. Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the United States and the defendant stipulate, that within three days of release from prison, the defendant shall register as a sex offender in accordance with tribal, state, and federal law in any jurisdiction in which he resides, is employed or is a student, and provide the supervising probation officer with verification of registration.

      d.    <u>Stipulation</u>: Psychosexual Assessment. Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the United States and the defendant stipulate that, in accordance with 18 U.S.C. § 3552(b), the defendant shall submit to a psychosexual assessment prior to sentencing in this case. The evaluation shall include, but may not be limited to, physiological testing, including the use of a polygraph. The examiner shall be an approved provider as determined by the United States Probation Department. The defendant agrees to contribute to the cost of this assessment in an amount to be determined by the Probation Department after the Probation Department has reviewed all financial and other information obtained in connection with the presentence investigation in this case. All reports and information from the assessment shall be released to the Probation Department. The parties stipulate and agree that any statements obtained from the defendant in connection with the examination shall not be used in the instant prosecution or any subsequent federal prosecution of the defendant in the District of Arizona. However, any statements by the defendant and all information in the report may be used and considered by the parties, and the Court, as an aid in fashioning the appropriate sentence for the defendant.

      e.    <u>Restitution</u>. Pursuant to 18 U.S.C. § 3663, 3663A and/or 2248, the defendant specifically agrees to make restitution to the victim in an amount to be determined by the

Court, but in no event more than $250,000.00. This restitution order shall include restitution for dismissed counts. Even if the victim did not suffer physical injury, the defendant expressly agrees to pay restitution for expenditures related to treatment for mental or emotional trauma suffered by the victim that was directly and proximately caused by the defendant's conduct, including any "relevant conduct" or dismissed charges. Such expenditures shall include, but are not limited to: mental health treatment and counseling, in-patient treatment, and traditional Native American ceremonies or treatment. The defendant understands that such restitution will be included in the court's order of judgment and that an unanticipated restitution amount will not serve as grounds to withdraw defendant's guilty plea or to withdraw from his plea agreement.

   f. <u>Assets and Financial Responsibility</u>. The defendant shall make a full accounting of all assets in which the defendant has any legal or equitable interest. The defendant shall not (and shall not aid or abet any other party to) sell, hide, waste, spend, or transfer any such assets or property before sentencing, without the prior approval of the United States (provided, however, that no prior approval will be required for routine, day-to-day expenditures). The defendant also expressly authorizes the United States Attorney's Office to immediately obtain a credit report as to the defendant in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court. The defendant also shall make full disclosure of all current and projected assets to the U.S. Probation Office immediately and prior to the termination of the defendant's supervised release or probation, such disclosures to be shared with the U.S. Attorney's Office, including the Financial Litigation Unit, for any purpose. Finally, the defendant shall participate in the Inmate Financial Responsibility Program to fulfill all financial obligations due and owing under this agreement and the law.

   If the defendant is a member of a Native American tribe that provides "per capita" payments to its members, the defendant agrees that any such "per capita" payment shall be paid over to the Clerk of the Court and applied to the defendant's restitution obligation until restitution to all victims is paid in full.

g.  **Acceptance of Responsibility.** If the defendant makes full and complete disclosure to the U.S. Probation Office of the circumstances surrounding the defendant's commission of the offense, and if the defendant demonstrates an acceptance of responsibility for this offense up to and including the time of sentencing, the United States will recommend a two-level reduction in the applicable Sentencing Guidelines offense level pursuant to U.S.S.G.§ 3E1.1(a). If the defendant has an offense level of 16 or more, the United States will move for an additional one-level reduction in the applicable Sentencing Guidelines offense level pursuant to U.S.S.G. § 3E1.1(b).

h.  **Non-Binding Recommendations.** The defendant understands that recommendations are not binding on the Court. The defendant further understands that the defendant will not be permitted to withdraw the guilty plea if the Court does not follow a recommendation.

**4.  AGREEMENT TO DISMISS OR NOT TO PROSECUTE**

a.  Pursuant to Fed. R. Crim. P. 11(c)(1)(A), the United States will move to dismiss the Indictment at the time of sentencing.

b.  This agreement does not, in any manner, restrict the actions of the United States in any other district or bind any other United States Attorney's Office.

**5.  COURT APPROVAL REQUIRED; REINSTITUTION OF PROSECUTION**

a.  If the Court, after reviewing this plea agreement, concludes that any provision contained herein is inappropriate, it may reject the plea agreement and give the defendant the opportunity to withdraw the guilty plea in accordance with Fed. R. Crim. P. 11(c)(5).

b.  If the defendant's guilty plea or plea agreement is rejected, withdrawn, vacated, or reversed at any time, this agreement shall be null and void, the United States shall be free to prosecute the defendant for all crimes of which it then has knowledge and any charges that have been dismissed because of this plea agreement shall automatically be reinstated. In such event, the defendant waives any and all objections, motions, and defenses based upon the Statute of Limitations, the Speedy Trial Act, or constitutional

restrictions in bringing later charges or proceedings. The defendant understands that any statements made at the time of the defendant's change of plea or sentencing may be used against the defendant in any subsequent hearing, trial, or proceeding subject to the limitations of Fed. R. Evid. 410.

6. **WAIVER OF DEFENSES AND APPEAL RIGHTS**

The defendant waives (1) any and all motions, defenses, probable cause determinations, and objections that the defendant could assert to the indictment or information; and (2) any right to file an appeal, any collateral attack, and any other writ or motion that challenges the conviction, an order of restitution or forfeiture, the entry of judgment against the defendant, or any aspect of the defendant's sentence, including the manner in which the sentence is determined, including but not limited to any appeals under 18 U.S.C. § 3742 (sentencing appeals) and motions under 28 U.S.C. §§ 2241 and 2255 (habeas petitions), and any right to file a motion for modification of sentence, including under Title 18, U.S.C., § 3582(c). This waiver shall result in the dismissal of any appeal, collateral attack, or other motion the defendant might file challenging the conviction, order of restitution or forfeiture, or sentence in this case. This waiver shall not be construed to bar an otherwise-preserved claim of ineffective assistance of counsel or of "prosecutorial misconduct" (as that term is defined by Section II.B of Ariz. Ethics Op. 15-01 (2015)).

7. **DISCLOSURE OF INFORMATION**

a. The United States retains the unrestricted right to provide information and make any and all statements it deems appropriate to the U.S. Probation Office and to the Court in connection with the case.

b. Any information, statements, documents, and evidence that the defendant provides to the United States pursuant to this agreement may be used against the defendant at any time.

c. The defendant shall cooperate fully with the U.S. Probation Office. Such cooperation shall include providing complete and truthful responses to questions posed by the U.S. Probation Office including, but not limited to, questions relating to:

(1) criminal convictions, history of drug abuse, and mental illness; and

(2) financial information, including present financial assets or liabilities that relate to the ability of the defendant to pay a fine or restitution.

## 8. FORFEITURE, CIVIL, AND ADMINISTRATIVE PROCEEDINGS

Nothing in this agreement shall be construed to protect the defendant from administrative or civil forfeiture proceedings or prohibit the United States from proceeding with and/or initiating an action for civil forfeiture. Pursuant to 18 U.S.C. § 3613, all monetary penalties, including restitution imposed by the Court, shall be due immediately upon judgment and subject to immediate enforcement by the United States. If the Court imposes a schedule of payments, the schedule of payments shall be merely a schedule of minimum payments and shall not be a limitation on the methods available to the United States to enforce the judgment.

## 9. ELEMENTS OF THE OFFENSE

### Transfer of Obscene Material to a Minor

On or between February 11, 2019 and March 28, 2019, in the District of Arizona:

1. The defendant knowingly transferred material to a minor, Jane Doe;
2. The defendant used a facility or means of interstate or foreign commerce to do so;
3. The defendant knew at the time the general contents, character, and nature of the material;
4. The material was obscene; and
5. That at the time of the transfer of the material, the recipient, Jane Doe, was not yet sixteen years old and defendant knew she was not sixteen years old.

Material is obscene when the average person, applying contemporary community standards, would find that the material depicts masturbation or lewd exhibition of the genitals in a patently offensive way and a reasonable person would find that the material, taken as a whole, lacks serious literary, artistic, political or scientific value.

## 10. FACTUAL BASIS

The defendant admits that the following facts are true and that if this matter were to proceed to trial the United States could prove the following facts beyond a reasonable doubt:

On or between February 11, 2019 and March 28, 2019, in the District of Arizona, Defendant MILES SPENCER COYOTE, knowingly transferred obscene material to minor victim, Jane Doe, knowing that she had not attained the age of 16 years. Specifically, on or between such dates, the defendant had been communicating with 14-year-old Jane Doe through Facebook Messenger. In one of their communications on February 11, 2019, defendant asks Jane Doe, "How old are you?" and Jane Doe responds, "Does it matter?" Defendant responds by saying, "No haha I'm jus asking I'm tryna fuck." When Jane Doe responds by saying, "I'm on my period," defendant says, "You can suck my dick." Defendant asks Jane Doe for a nude picture. When Jane Doe sends a picture of her breasts and buttocks, defendant responds by sending Jane Doe a picture of himself sitting on a bed wearing a black shirt and grey hat and with his erect penis exposed.

On March 28, 2019, the defendant had additional communications with Jane Doe through Facebook Messenger where he again asked her to send him some nudes after she told him that she was sick. Jane Doe responded by telling the defendant he should send some nudes. In response to this, defendant sent Jane Doe a picture of himself wearing a black hat, grey shirt, and unbuttoned blue jeans, and with his erect penis exposed. Defendant knew that Jane Doe was under the age of 16. Both defendant and Jane Doe lived in Yuma County, Arizona during the offense.

The defendant shall swear under oath to the accuracy of this statement and, if the defendant should be called upon to testify about this matter in the future, any intentional, material inconsistencies in the defendant's testimony may subject the defendant to additional penalties for perjury or false swearing, which may be enforced by the United States under this agreement.

## APPROVAL AND ACCEPTANCE OF THE DEFENDANT

I have read the entire plea agreement with the assistance of my attorney. I understand each of its provisions and I voluntarily agree to it.

I have discussed the case and my constitutional and other rights with my attorney. I understand that by entering my plea of guilty I shall waive my rights to plead not guilty, to trial by jury, to confront, cross-examine, and compel the attendance of witnesses, to present evidence in my defense, to remain silent and refuse to be a witness against myself by asserting my privilege against self-incrimination, all with the assistance of counsel, and to be presumed innocent until proven guilty beyond a reasonable doubt.

I agree to enter my guilty plea as indicated above on the terms and conditions set forth in this agreement.

I have been advised by my attorney of the nature of the charges to which I am entering my guilty plea. I have further been advised by my attorney of the nature and range of the possible sentence and that my ultimate sentence shall be determined by the Court after consideration of the advisory Sentencing Guidelines.

My guilty plea is not the result of force, threats, assurances, or promises, other than the promises contained in this agreement. I voluntarily agree to the provisions of this agreement and I agree to be bound according to its provisions.

I understand that if I am granted probation or placed on supervised release by the Court, the terms and conditions of such probation/supervised release are subject to modification at any time. I further understand that if I violate any of the conditions of my probation/supervised release, my probation/supervised release may be revoked and upon such revocation, notwithstanding any other provision of this agreement, I may be required to serve a term of imprisonment or my sentence otherwise may be altered.

I have been advised, and understand, that under the Sex Offender Registration and Notification Act, a federal law, I must register and keep the registration current in each of the following jurisdictions: where I reside, where I am an employee; and where I am a student. I understand that the requirements for registration include providing my name,

my residence address, and the names and addresses of any places where I am or will be an employee or a student, among other information. I further understand that the requirement to keep the registration current includes informing at least one jurisdiction in which I reside, am an employee, or am a student not later than three business days after any change of my name, residence, employment, or student status. I have been advised, and understand, that failure to comply with these obligations subjects me to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

This written plea agreement, and any written addenda filed as attachments to this plea agreement, contain all the terms and conditions of the plea. Any additional agreements, if any such agreements exist, shall be recorded in a separate document and may be filed with the Court under seal; accordingly, additional agreements, if any, may not be in the public record.

I further agree that promises, including any predictions as to the Sentencing Guideline range or to any Sentencing Guideline factors that will apply, made by anyone (including my attorney) that are not contained within this written plea agreement, are null and void and have no force and effect.

I am satisfied that my defense attorney has represented me in a competent manner.

I fully understand the terms and conditions of this plea agreement. I am not now using or under the influence of any drug, medication, liquor, or other intoxicant or depressant that would impair my ability to fully understand the terms and conditions of this plea agreement.

11/22/2019
Date

MILES SPENCER COYOTE
Defendant

**APPROVAL OF DEFENSE COUNSEL**

I have discussed this case and the plea agreement with my client in detail and have advised the defendant of all matters within the scope of Fed. R. Crim. P. 11, the constitutional and other rights of an accused, the factual basis for and the nature of the offense to which the guilty plea will be entered, possible defenses, and the consequences of the guilty plea including the maximum statutory sentence possible. I have further discussed the concept of the advisory Sentencing Guidelines with the defendant. No assurances, promises, or representations have been given to me or to the defendant by the United States or any of its representatives that are not contained in this written agreement. I concur in the entry of the plea as indicated above and that the terms and conditions set forth in this agreement are in the best interests of my client. I agree to make a bona fide effort to ensure that the guilty plea is entered in accordance with all the requirements of Fed. R. Crim. P. 11.

11/22/2019
Date

GREGORY A. BARTOLOMEI
Attorney for Defendant

**APPROVAL OF THE UNITED STATES**

I have reviewed this matter and the plea agreement. I agree on behalf of the United States that the terms and conditions set forth herein are appropriate and are in the best interests of justice.

MICHAEL BAILEY
United States Attorney
District of Arizona

12/20/19
Date

CHRISTINA J. REID-MOORE
Assistant U.S. Attorney

- 11 -

**ACCEPTANCE BY THE COURT**

Date 11-18-20

THE HONORABLE SUSAN M. BRNOVICH
United States District Judge